Our final case of the day is Appeal No. 23-2948, Dyson Technology Limited v. David 7 Store et al. And today we recognize only Mr. Joseph. Not that you're not sufficient, Mr. Joseph. You're the only person who's going to be here today arguing. Good afternoon, and may it please the Court. My name is Justin Joseph, and I represent the appellant, Dyson Technology Limited. Dyson brought this action to stop trademark infringement on the part of online e-commerce sellers. The defendants in this case failed to respond to Dyson's complaints and ultimately defaulted. Dyson further sought the entry of a default judgment order against the defaulting defendants, which included a request for an award of profits under Section 1117A of the Lanham Act. Now, to support its request for an award of profits, Dyson submitted evidence of the defendants' infringing product sales, which were provided to Dyson directly from the platforms Amazon and eBay, which were the platforms that hosted the defendants' online e-commerce stores. Now, in ruling on Dyson's motion for default judgment, the District Court held that all the defendants were liable for willful trademark infringement, as well as false designation of origin. The District Court further acknowledged that Dyson had in fact submitted evidence of the defendants' infringing product revenue. However, the District Court incorrectly found that Dyson was not entitled to an award of profits and instead awarded Dyson no damages for the defendants' infringement. Specifically, the District Court stated, quote, the Court declines the request to award profits because plaintiff offered evidence of revenue, not profits. Revenue and profits are not the same thing. The Court declines the invitation to assume that all of the revenue equals profits. The District Court's reasoning here clearly shows that in improperly put on plaintiff, the defendants' burden to show its own expenses and other deductions from the total sales and revenue that Dyson had provided. The District Court's decision to withhold an award of profits and ultimately award nothing for these defendants, even when Dyson showed evidence of infringing product sales, directly contradicts the language of Section 1117A, as well as this Court's decision in WMS Gaming. Mr. Joseph, was that argument presented to the District Court below? Your Honor, we asked for profits in our motion for default judgment and in our memorandum in support. The only reasoning that we were given of why we weren't allowed profits was that revenue does not equal profits. Now, this just directly contradicts Section 1117A. No, I understand, but I guess my question is, as you and Mr. Gaudio undoubtedly know, I've seen more than my share of those motions for default judgment, and typically when they ask for damages, it's pretty perfunctory. I mean, there's an affidavit that's attached and revenues, but I'm wondering whether there was any express argument made to the District Court about this burden shifting that takes place or that's required by the statute. Yes, Your Honor, that was presented in our memorandum. We didn't have a hearing on the matter. It was presented, and we presented the fact that under Section 1117A, in assessing profits, the plaintiff shall be required to prove defendant sales only. The defendant must prove all elements of costs or deductions claimed. So under Section 1117A, Dyson did its job. It showed the defendant's infringing product revenue. The burden then shifted onto defendant to prove any deductions, which it failed to do so. And the facts of this case are analogous to what occurred in WMS Gaming. Specifically, the plaintiff showed evidence of the defendant's infringing product revenue. The defendant failed to show any deductions, and the score found that the plaintiff was entitled to the revenue, stating, quote, when a trademark plaintiff offers evidence of infringing sales and the infringer fails to carry its statutory burden to offer evidence of deductions, the plaintiff's entitlement to profits under the Lanham Act is equal to the infringer's gross sales. And this makes sense because a plaintiff does not have access to the information or documentation related to a defendant's deductions. And the reasoning of WMS Gaming should have been applied in this case as well. But, of course, you don't dispute the case law. The district court's not required to award restitution. I mean, you've got the 1,000 statutory damages. You wanted the profits. But the court was not required to make an award of any type, right? Your Honor, for 59 defendants in this case, aside from those that were granted statutory damages, we specifically requested for an award of profits. And under Section 1117A, I mean, we proved our burden of showing the defendant's infringing product revenue. And the court, in turn, awarded no damages for those defendants for the defendant's infringement. And, I mean, sorry, Your Honor. No. I think perhaps to dovetail on that point, the statute, though, gives, let's say, let's assume that the district court acknowledged that, okay? And say, I know that under 1117A, the plaintiff only has to show revenue. The defendant's burden to show costs. Defendant hasn't done so. So I'm going to start with the baseline of revenue. But I still have, in my discretion under 1117A, the ability to vary that amount, given in light of the circumstance of the case and my equitable powers. Is that correct? Your Honor, yes. We don't dispute that. The issue underlying this is that. Well, the only reason I say that is because, and I'm assuming this is why Judge Jackson and Camille brought it up, is because you talk about entitlement to damages. They're not necessarily entitled to damages a priori. The district court starts with that and then, depending on the circumstances, may vary from that. Yes, and that's correct, Your Honor. And, yes, we do not dispute that there is discretion provided under Section 1117A. Our issue in this case is that the district court didn't apply any discretion. They just simply didn't follow the law. We provided, under Section 1117A, we met our burden of showing the defendant's infringing product revenue. And we were essentially punished for not satisfying the defendant's burden. So, in other words, the defendants were essentially rewarded for failing to participate in these proceedings, while we were awarded nothing. And this court in 4-CMO stated that the primary function of the trial court under the Lanham Act is to make violations of the act unprofitable to the infringing party. Considering the defendants in this case got to keep all their ill-gotten gains, it's hard to say that this deterrence function was served under Section 1117A. In sum, this result is in direct contradiction to the plain language of Section 1117A in this court's decision in WMS Gaming. Accordingly, Dyson respectfully requests that the district court's decision be reversed and that this matter be remanded for further proceedings. Okay, thank you Mr. Joseph. Case is taken under advisement.